UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


JEREMY WADE DALTON,

      Plaintiff,

v.                                   3:06-cv-98


CHRIS ELLISON and
GRAINGER COUNTY, TENNESSEE,

      Defendants.


**MEMORANDUM**


This is a civil rights action, pursuant to 42 U.S.C. §1983, against Chris Ellison and

Grainger County, Tennessee, based upon an incident that occurred in the Grainger County

Jail after plaintiff's arrest on November 28, 2005. The complaint was filed and process

issued on March 20, 2006. The summons as to Grainger County was returned executed on

April 3, 2006, and Grainger County, Tennessee, has filed an answer to the complaint. On

December 12, 2006, because the summons had not been returned executed as to Chris

Ellison, the court ordered plaintiff to show good cause why this action should not be

dismissed as to Chris Ellison since there was nothing in the record to indicate that he was

served within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m).

In response to the show cause order, plaintiff's counsel states that Chris Ellis was incorrectly identified as Chris Ellison in the complaint, and that plaintiff has been attempting to locate Ellis but has been unable to do so. Plaintiff's counsel also seeks an order allowing him additional time within which to issue alias process for Ellis. In addition, plaintiff's counsel has filed a contemporaneous motion for limited expedited discovery, seeking to serve interrogatories and requests for production of documents on Grainger County, Tennessee, to determine where Ellis may be served.

Grainger County opposes the motion for discovery. According to Grainger County attorney Tom Garland, plaintiff's counsel Keith Edmiston acknowledged in a telephone conversation on April 6, 2006, that Ellis was the correct spelling of the defendant's name and that a summons for Chris Ellis would be issued. No summons issued, however, in the intervening months. In reply to Grainger County's response, Mr. Edmiston filed his affidavit stating that he has done everything possible to locate Chris Ellis, with the exception of hiring a private investigator; despite plaintiff's limited means, Mr. Edmiston stated that he intended to do that, albeit at the last possible moment. Mr. Edmiston has not stated, however, why he failed to move for discovery from Grainger County prior to the expiration of the 120 days.

Argument was heard on all these issues on January 22, 2007. After argument, plaintiff's counsel was granted an additional 24 hours within which to further brief the issues, which he has done.

Upon consideration of the entire record and the applicable law, the court finds that plaintiff has not shown good cause for his failure to timely serve defendant Chris Ellis. That

being the case, the court has discretion to either dismiss the action without prejudice as to defendant Ellis or direct that service be effected within a specified time. Fed. R. Civ. P. 4(m). In exercising its discretion, the court notes that the one-year statute of limitation has clearly run on plaintiff's claim.[1]

It appears, however, that if the action were to be dismissed without prejudice as to Ellis, plaintiff would still be permitted to reissue process, within one year of the filing of the original complaint, based upon Tennessee's savings statute, which provides in relevant part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a).

In Tennessee, "[a]ll civil actions are commenced by filing a complaint with the clerk of the court." Tenn. R. Civ. P. 3. Rule 3 also provides that "[a]n action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. *Id.* Rule 3 goes further, however, and states as follows:

---

[1]Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

*Id. See, e.g., Federal Deposit Insurance Corporation v. Cureton*, 42 F.2d 887, 892 (6th Cir. 1988) (plaintiff can rely on the original filing date so long as he reissues process in compliance with Rule 3).

Under the circumstances, plaintiff shall therefore have five (5) days, from the date of this Memorandum, within which to file a motion to amend the complaint to identify Chris Ellis as the proper defendant. Failure to file the motion to amend will result in the immediate dismissal of this action as to Chris Ellis, a/k/a Chris Ellison. If plaintiff timely moves to amend the complaint, plaintiff shall then have until May 4, 2007, to effect service of process upon Chris Ellis. To that end, plaintiff's motion for limited expedited discovery will be **GRANTED**. Within five (5) days after the anticipated motion to amend the complaint is granted, plaintiff's counsel should serve upon defense counsel his proposed limited discovery, and defense counsel should answer said discovery within thirty (30) days of receipt of same. Plaintiff's failure to timely comply with any facet of this order shall result in the immediate dismissal of this action against defendant Chris Ellis.

**AN APPROPRIATE ORDER WILL ENTER:**

s/ James H. Jarvis
United States District Judge
